**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-12593
Non-Argument Calendar
_____

BRIGETTE I. BODIE-JERNIGAN,

*Plaintiff-Appellant,*

*versus*

SCHOOL BOARD OF BROWARD COUNTY, FLORIDA,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cv-60745-AHS
_____

Before NEWSOM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Brigette Bodie-Jernigan worked as a teacher for the School Board of Broward County. She sued the School Board, alleging discrimination and retaliation under the Americans with Disabilities

Act.    She appeals the district court's dismissal of her second amended complaint for failure to state a claim.  After careful consideration, we affirm.

## FACTUAL BACKGROUND

In August 2007, Bodie-Jernigan began working as a teacher at the Dillard 6-12 School in Broward County.[1]  Her responsibilities included maintaining discipline in the classroom and creating a positive and engaging learning environment for her students.  Bodie-Jernigan suffers from several medical conditions, including reduced kidney function, prior cardiac surgery, and prediabetes.

In early 2020, in response to the COVID-19 pandemic, the School Board moved all classes online.  Soon after, Bodie-Jernigan's treating physician recommended that she work remotely until the COVID-19 pandemic was resolved.

In September 2020, the Broward Teachers Union and the School Board met to create a memorandum of understanding to guide the School Board's response to the pandemic.  The memorandum stated that the School Board would "strive to provide the choice of remote work assignments to the highest possible number of requesting employees."  But the memo also specified that "[e]ligibility for a work from home remote extended assignment [would be based] on the function of the job and the needs of the

---

[1] We accept the facts alleged in the complaint as true and draw all reasonable inferences in Bodie-Jernigan's favor. *Jackson v. City of Atlanta*, 97 F. 4th 1343, 1350 (11th Cir. 2024).

worksite[,]" and that an "employee must be able to perform the essential functions of the employee's job through digital platforms without commuting to the office [and/or] a centralized location." When the School Board began to resume in-person classes in October 2020, Bodie-Jernigan requested an accommodation to work remotely until the pandemic "was resolved." The School Board initially granted her request and allowed her to work remotely from October 2020 through January 2021.

In January 2021, an arbitrator issued a judgment in a dispute between the Broward Teachers Union and the School Board stating that the School Board "may require teachers to return to their classrooms to meet operational needs based on the number of students who intended to return to school." After the arbitrator's decision, Bodie-Jernigan received a notification from the School Board that her remote work allowance would expire later that month. The School Board expected her to report for work in person when the allowance expired. Bodie-Jernigan tried to meet with her school's principal about extending her virtual accommodations, but the principal refused to discuss the prospect of granting her an extension.

In February 2021, because of her health concerns, Bodie-Jernigan decided to take an unpaid personal leave of absence rather than return to work in person. She remained on unpaid leave until August 2022, when the 2022–2023 school year began. During that time, the School Board designated her as an inactive employee, meaning she was not eligible for bonuses or other job benefits.

## PROCEDURAL HISTORY

In April 2022, Bodie-Jernigan sued the School Board.  She brought two claims.  First, she alleged that the School Board discriminated against her under the Act by refusing to grant her a remote-work accommodation.  Second, she claimed that the School Board retaliated against her in violation of the Act by "forc[ing]" her to take unpaid leave after it denied her requested accommodation.

The School Board moved for judgment on the pleadings, and Bodie-Jernigan responded with an amended complaint.  The School Board then moved to dismiss for failure to state a claim, and the district court granted the motion—dismissing Bodie-Jernigan's amended complaint without prejudice.  Bodie-Jernigan filed a second amended complaint containing more detailed allegations.  The School Board again moved to dismiss, and the district court granted the motion—this time dismissing Bodie-Jernigan's suit with prejudice.  Bodie-Jernigan appeals the dismissal.

## STANDARD OF REVIEW

We review de novo a district court's order granting a motion to dismiss for failure to state a claim. *Boyle v. City of Pell City*, 866 F.3d 1280, 1286 (11th Cir. 2017).

## DISCUSSION

To survive a motion to dismiss, a complaint must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007).  A complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.

Bodie-Jernigan contends that the district court erred by determining that her second amended complaint failed to state either a discrimination claim or a retaliation claim under the Act.  We address each of her arguments in turn.

### *Discrimination*

Bodie-Jernigan argues that the district court erred because she properly pleaded she was discriminated against under the Act. We disagree.

The Act prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a). Discrimination includes an employer's failure to reasonably accommodate the known physical or mental limitations of an otherwise qualified individual with a disability, unless the employer can demonstrate that the accommodation would impose an undue hardship.  *Id*. § 12112(b)(5)(A).

To state a discrimination claim under the Act, a plaintiff must allege that:  (1) she has a disability; (2) she is a qualified individual; and (3) she was subjected to unlawful discrimination because of her disability.  *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255–56 (11th Cir. 2007).

Bodie-Jernigan's claim fails at the second required element; she did not plausibly allege that she was a "qualified individual" under the Act.   42 U.S.C. § 12111(8).  Under the Act, a qualified individual is someone who can perform the essential functions of her job with (or without) reasonable accommodation.  *Id.*  Essential functions "are the fundamental job duties of a position that an individual with a disability is actually required to perform."  *Beasley v. O'Reilly Auto Parts*, 69 F.4th 744, 760 (11th Cir. 2023).  The Act does not require an employer to eliminate an essential function of an employee's job, and an employer has some say regarding what functions are essential.  *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1229 (11th Cir. 2005) ("[T]he ADA does not require the employer to eliminate an essential function of the plaintiff's job.") (cleaned up)); 42 U.S.C. § 12111(8) ("[C]onsideration shall be given to the employer's judgment as to what functions of a job are essential.").  Reasonable accommodations are modifications or adjustments to a work environment that enable a qualified individual with a disability to perform the essential functions of their position.  *Holly*, 492 F.3d at 1256.

Bodie-Jernigan pleaded that she could perform her job's essential functions remotely.  But she failed to plead any facts explaining how she could have maintained discipline or fostered an active learning environment—two of her essential functions—for her in-person class while teaching remotely.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Pleading that she could perform her essential teaching tasks

remotely, without more, is conclusory, and not enough to survive a motion to dismiss. Because Bodie-Jernigan did not plausibly allege that she could perform the essential functions of her role remotely, she did not plausibly allege that her requested accommodation rendered her a "qualified individual" under the Act. *See Marquez v. Amazon.com, Inc.*, 69 F.4th 1262, 1269 (11th Cir. 2023) ("[A] complaint that lacks plausible allegations, after removing legal conclusions, must be dismissed."); *see also Sarkisian v. Austin Preparatory Sch.*, 85 F.4th 670, 676 (1st Cir. 2023) (holding that a K–12 English teacher was not qualified under the Act because her physical absence rendered her unable to fulfill essential instructional duties); *Smithson v. Austin*, 86 F.4th 815, 821 (7th Cir. 2023) (finding that a teacher was not qualified under the Act if she could only attend in-person learning for a quarter of the designated school day).

Because Bodie-Jernigan did not plead sufficient facts showing that she could maintain discipline or effectively teach online—two essential functions of her job—we agree with the district court that she failed to state a discrimination claim under the Act.

### Retaliation

Bodie-Jernigan next contends that she properly pleaded a retaliation claim under the Act. Again, we disagree.

The Act prohibits retaliation against individuals who oppose any act made unlawful by the Act or who make a charge under the Act. *See* 42 U.S.C. § 12203(a). To state a retaliation claim, a plaintiff must plead that (1) she engaged in statutorily protected activity;

(2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse action. *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1388 (11th Cir. 1998). Bodie-Jernigan clears the first element through her request for a reasonable accommodation. *See Frazier-White v. Gee*, 818 F.3d 1249, 1258 (11th Cir. 2016) ("The first element may be met by a request for a reasonable accommodation."). But her claim fails at the second required element: she did not plead an adverse employment action.

To plead an adverse employment action, "the complaint must allege facts showing the employer took an action that was 'materially adverse,' that is, one that caused injury or harm that would dissuade a reasonable employee from engaging in the protected activity." *Ounjian v. Globoforce, Inc.*, 89 F.4th 852, 858 (11th Cir. 2023) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67–68 (2006)). Bodie-Jernigan alleges "she suffered an adverse employment action[] by being compelled, involuntarily, to take an extended unpaid leave of absence." But her other allegations refute this claim. She pleaded that because "[t]he School Board Panel denied her request for a reasonable accommodation" she was required "to return to the workplace." Rather than doing so, she chose to take a "personal unpaid leave of absence" because she was concerned about the prevalence of COVID-19. In other words, Bodie-Jernigan pleaded that the School Board wanted her to return to work, but she was only willing to do so if it granted her accommodation request.

To the extent that Bodie-Jernigan contends the School Board's denial of her accommodation request was itself an adverse employment action, that argument also falls flat. As the Third Circuit recently explained, "the approval or denial of any accommodation request" is "an anticipated part of the process." *Smith v. City of Atl. City*, 138 F.4th 759, 775 (3d Cir. 2025). Accordingly, anyone requesting an accommodation "does so knowing of the potential for denial. In other words, the potential for denial does not dissuade employees from seeking an accommodation," and "the realization of that known potential does not transform the denial into a dissuasive action." *Id.* at 775–76. Put another way, the denial of an accommodation request is not an "injury" that "would dissuade a reasonable employee from engaging in the protected activity" of requesting an accommodation. *Ounjian*, 89 F.4th at 858. To hold otherwise would render the adverse employment action element of a retaliation claim superfluous. *Smith*, 138 F.4th at 776. Every "failure to accommodate claim would automatically end in an adverse employment action for the purposes of a retaliation claim." *Id.*; *see also Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1288 (11th Cir. 1997) (refusing to address plaintiff's retaliation claims based on a failure to accommodate her disabilities); *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1261 (11th Cir. 2001) (same).

In short, because Bodie-Jernigan failed to allege an adverse employment action, the district court did not err by dismissing her retaliation claim. *Harper*, 139 F.3d at 1388.

## CONCLUSION

Because Bodie-Jernigan failed to state either a discrimination or retaliation claim under the Act, we affirm the district court's dismissal of her second amended complaint.

**AFFIRMED**.